IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY MEDLOCK                                                                    PLAINTIFF

vs.                                    Civil No. 6:16-cv-06042-BAB

NANCY A. BERRYHILL                                                              DEFENDANT
Acting Commissioner, Social Security Administration[1]

**MEMORANDUM OPINION**

Corey Medlock ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("The Act").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 9).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability applications for DIB and SSI on November 23, 2012. (ECF No. 11, p. 51). In his applications, Plaintiff alleges being disabled due to cystic fibrosis. (ECF

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "ECF No. ___, p. ___."

No. 11, p. 281). Plaintiff alleges an onset date of December 24, 2011. (ECF No. 11, p. 51). These applications were denied initially and again upon reconsideration. (ECF No. 11, pp. 111-55).

Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (ECF No. 11, pp. 186-91). Plaintiff's administrative hearing was held on December 3, 2014, in Hot Springs, Arkansas. (ECF No. 11, pp. 66-110). Plaintiff was present and was represented by Shannon Muse Carol. *Id.* Plaintiff and Vocational Expert ("VE") Diane Smith testified. *Id.* At the time of this hearing, Plaintiff was twenty-nine (29) years old, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c), 416.963(c). As for his level of education, Plaintiff earned a high school diploma. (ECF No. 11, p. 73).

After this hearing, on March 26, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (ECF No. 11, pp. 48-60). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2016. (ECF No. 11, p. 53, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 24, 2011, his alleged onset date. (ECF No. 11, p. 53, Finding 2). The ALJ determined Plaintiff had a single severe impairment: Cystic Fibrosis ("CF"). (ECF No. 11, pp. 53-54, Finding 3). Despite being severe, the ALJ determined this impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 11, p. 54, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 11, pp. 54-58, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to:

2

perform sedentary work as defined in 20 C.F.R. 416.967(a) and 416.967(a), meaning that he can lift up to 10 pounds occasionally and less than 10 pounds frequently. [He] can stand a total of two hours and can sit a total of six to eight hours in a typical workday, and he can sit two hours at a time without interruption. Due to fatigue and shortness of breath, [he] can only occasionally climb, stoop, crouch, kneel, and crawl. Additionally, [his] fatigue and shortness of breath limits him to frequent–rather than constant–reaching and grasping. He cannot work outdoors, or be exposed to temperature extremes; instead, he requires an indoor, climate-controlled environment. He cannot work around pulmonary irritants such as heavy dust, fumes, chemicals, or humidity. Finally, [he] is limited to unskilled work due to his educational level and past relevant work. He can understand, follow and remember concrete instructions.

*Id*.

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW"). (ECF No. 11, p. 58, Finding 6). The VE testified at the administrative hearing regarding this issue. (ECF No. 11, pp. 77-79, 101-08). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as a small parts assembler, which has a DOT code of 739.687-066, with approximately thirty-five thousand (35,000) jobs in the national economy and two thousand one hundred (2,100) jobs in the regional economy, and as a table worker, which has a DOT code of 739.687-182, with approximately thirty-one thousand seven hundred (31,700) jobs in the national economy and three thousand five hundred (3,500) jobs in the regional economy. (ECF No. 11, pp. 58-59, Finding 10). Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from December 24, 2011, through March 26, 2015, the date of the ALJ's decision. (ECF No. 11, p. 59, Finding 11).

Thereafter, on April 9, 2015, Plaintiff requested review of the hearing decision by the

Appeals Council. (ECF No. 11, p. 47). The Appeals Council denied Plaintiff's request on March 18, 2016. (ECF No. 11, pp. 5-9). On May 6, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on May 24, 2016. (ECF No. 9). This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *see* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *see Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *see Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *see Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *see Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. *see Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**3.     Discussion:**

In his appeal brief, Plaintiff raises three issues for appeal: 1) the ALJ failed to properly analyze Plaintiff's impairments regarding Listing 3.04; 2) the ALJ erred in discrediting Plaintiff and failed to consider his financial hardship, and; 3) the ALJ hypothetical presented to the VE did not properly discuss Plaintiff's limitations associated with his CF.  (ECF No. 12).

5

### A. Listing 3.04

The claimant bears the burden of proving his impairment meets or equals the criteria for a specific listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria." *Brown ex rel. Williams v. Barnhart*, 388 F.3d 1150, 1152 (8th Cir. 2004) (internal quotations and citation omitted). Furthermore, the question is whether the ALJ "consider[ed] evidence of a listed impairment and concluded that there was no showing on th[e] record that the claimant's impairments . . . m[et] or are equivalent to any of the listed impairments." *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006) (internal quotations omitted). While it is preferable an ALJ address a specific listing, the failure to do so is not reversible error if the record supports the overall conclusion. *see Pepper ex rel. Gardner v. Barnhart*, 342 F.3d, 853, 855 (8th Cir. 2004), *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001); *see also Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011)("There is no error when an ALJ fails to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record.").

Plaintiff's impairments do not meet the criteria for Listing 3.04(A). Listing 3.04(A) requires an FEV1 value less than or equal to the value specified in Table IV of the listing corresponding to Plaintiff's height without shoes. 20 C.F.R. pt. 404, subpt. P, app. 1 § 3.04(A). Plaintiff's spirometry reports state his height as sixty-seven (67) inches which has a corresponding value on Table IV of 1.85. *Id.*; (ECF No. 11, pp. 792-76). Plaintiff's test on February 26, 2014, showed an FEV1 value of 2.47. (ECF No. 11, pp. 792-93). Plaintiff's test on March 5, 2014, showed an FEV1 value of 2.41. (ECF No. 11, pp. 794-95). Plaintiff's test on March 11, 2014, showed an FEV1 value of 3.12. (ECF No. 11, p. 796). The record contains numerous other FEV1 values as well, but none are equal to or

less than 1.85, and Plaintiff's impairments, therefore, do not meet the criteria for Listing 3.04(A).

Plaintiff's impairments do not meet the criteria for Listing 3.04(B). Listing 3.04(B) requires episodes of bronchitis, pneumonia, hemoptysis, or respiratory failure requiring physician intervention, occurring at least once every two months or at least six times a year. 20 C.F.R. pt. 404, subpt. P, app. 1 § 3.04(B). These episodic attacks are defined in section 3.00(C) of the listings as "prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room, or equivalent setting." 20 C.F.R. pt. 404, subpt. P, app. 1 § 3.00(C). Plaintiff's first hospitalization for episodic attacks due to his CF occurred on February 25, 2014. (ECF No. 11, p. 632). A second exacerbation occurred on September 1, 2014. (ECF No. 11, p. 840). Plaintiff cites additional records provided to the Appeals Council regarding an alleged hospitalization occurring on July 7, 2015, but these records do not appear in the transcript. (ECF No. 12, pp. 8-9). Assuming Plaintiff's treatment records from August 7, 2015, reference this alleged hospitalization when they reference Plaintiff's "recent hospital stay," we may reasonably assume based on these August 7, 2015 records that a third exacerbation occurred. (ECF No. 11, p. 21). However, even assuming this exacerbation occur on July 7, 2015, Plaintiff has not demonstrated his impairments resulted in episodic attacks occurring at least once every two months or at least six times a year. Even if we were to count each hospitalization for longer than twenty-four hours as two episodes, Plaintiff has only demonstrated, at most, four such episodes in a period of twelve consecutive months.

Plaintiff's impairments do not meet the criteria for Listing 3.04(C). This listing requires "[p]ersistent pulmonary infection accompanied by superimposed, recurrent, symptomatic episodes

7

of increased bacterial infection occurring at least once every six months and requiring intravenous or nebulization antimicrobial therapy. 20 C.F.R. pt. 404, subpt. P, app. 1 § 3.04(C). As discussed above, Plaintiff's treatment records reveal that Plaintiff did not suffer episodes of persistent pulmonary infection requiring such intervention within six months of each episode.

Accordingly, I find substantial evidence in the record as a whole supports the ALJ's finding that Plaintiff's impairments, either alone in combination, did not meet or medically equal the severity of one of the impairments in the Listings.

**B.     Subjective Complaints and Credibility Analysis**

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529.[3] *see Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *see Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *see Id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *see Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *see Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

five factors and gives several valid reasons for finding that Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *see Id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *see Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain Plaintiff experiences precludes the performance of substantial gainful activity. *see Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ properly applied these factors articulated in *Polaski* and gave several good reasons for finding that Plaintiff's subjective complaints are not entirely credible. The ALJ discussed Plaintiff's reasons for leaving his most recent PRW and determined Plaintiff left because of a company-wide layoff. (ECF No. 11, p. 56); *see Goff v. Barnhart*, 421 F.3d 785, 792-93 (8th Cr. 2005) ("It [is] relevant to credibility when a claimant leaves work for reasons other than her medical condition"). The ALJ also examined Plaintiff's activities of daily living. (ECF No. 11, p. 56). He noted Plaintiff was able to clean his home, cook full meals, shop for groceries, enjoyed working on cars and trucks, and expressed a desire and intent to go to culinary school. *Id.*

The ALJ did consider Plaintiff's alleged financial hardship. (ECF No. 11, p. 57). The ALJ noted treatment notes from April 13, 2012, which indicated Plaintiff was only adhering to his therapy

9

twenty-five to seventy-five percent of the time because of problems with insurance. *Id.*; (ECF No. 11, p. 601). The ALJ also noted, however, that approximately two years later on November 21, 2014, Plaintiff was still less than fully compliant with his treatment and medications. (ECF No. 11, p. 1005). Plaintiff's respiratory therapist noted that, "Patient reveals that he is only doing his airway clearance 25-50% of the time. . . . He is not doing any exercise and is encouraged to start some aerobics and increase his respiratory treatment times." *Id.* Despite Plaintiff's non-compliance, for any reason, his FEV1 value was 3.82 or 93% of the predicted value and an objective physical examination revealed no significant abnormalities. (ECF No. 11, pp. 1005-006). Considering all the objective medical evidence in the record as a whole, Plaintiff's impairments were either managed with treatment and medication, or Plaintiff recovered quickly with treatment and medications after the exacerbations mentioned above. *see Chaney v. Colvin*, 812 F.3d 672, 677 (8th Cir. 2016) (non-compliance with treatment or medication is one factor the ALJ may consider when evaluating a claimant's credibility); *see Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("Evidence of effective medication resulting in relief, for example, may diminish the credibility of a claimant's complaints").

Finally, the ALJ did not entirely discount Plaintiff's subjective complaints. Plaintiff testified at the administrative hearing that he could stand for up to two to two and a half hours at a time and lift up to ten pounds, which is consistent with the ALJ's RFC determination that Plaintiff could perform sedentary work. (ECF No. 12, pp. 85-86). Plaintiff also testified that environmental factors exacerbated his condition which caused problems at his PRW. (ECF No. 11, pp. 76-77). Accordingly, the ALJ further limited Plaintiff's RFC to work indoor climate-controlled environments free of pulmonary irritants such as heavy dust, fumes, chemicals, or humidity. (ECF No. 11, p. 54).

Further, Plaintiff testified that he suffered from fatigue and shortness of breath. (ECF No. 11, pp. 79-80). The ALJ cited Plaintiff's fatigue and shortness of breath and limited his RFC to work which requires only occasional climbing, stooping, crouching, kneeling, and crawling, and only frequent, rather than constant, reaching and grasping. (ECF No. 11, p. 54). Therefore, even though the ALJ found Plaintiff's subjective complaints to not be entirely credible, the ALJ's RFC determination is consistent with Plaintiff's own testimony regarding his limitations.

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *see Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). Even if the ALJ did not discuss each instance of Plaintiff's less than full compliance with treatment due to financial hardship, the ALJ properly applied the factors from *Polaski* and gave several valid reasons for finding that Plaintiff's subjective complaints are not entirely credible. I find substantial evidence supports the ALJ's credibility assessment and because the ALJ provided multiple valid reasons for discounting Plaintiff's subjective complaints, I defer to the ALJ's credibility determination. *see Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007) (this Court defers to the ALJ's credibility determination when it is supported by good reasons and substantial evidence).

### C. Hypothetical Questions to the VE

Plaintiff's argument with regard to the hypothetical questions to the VE are essentially a disagreement with the ALJ's RFC determination. As discussed more thoroughly above, the ALJ's RFC determination is consistent with Plaintiff's own assessment of his abilities. Plaintiff has not put forth any evidence to support that he uses his updraft machine up to three times per day, nor any evidence Plaintiff would have to take extra breaks during working hours to use his updraft machine.

On the contrary, the record does contain evidence that Plaintiff performed his airway clearance treatments up to three times per week and that his goal was to do them four times per week, which the ALJ addressed in his written decision. (ECF No. 11, pp. 56-57). After thoroughly reviewing the hearing transcript along with the entire evidence of record, I find that the hypothetical the ALJ posed to the VE fully set forth the impairments the ALJ accepted as true and which were supported by the record as a whole. *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, I find that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing the duties of a small parts assembler or table worker. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of September 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE